Ari H. Marcus, Esq.
*Pro Hac Vice To Be Filed*
New Jersey Bar Number: 029662010
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone:   (732) 695-3282
Fax:      (732)298-6256
Email:    ari@marcuszelman.com
*Attorney for Plaintiff*
*Patrick Hunter*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| Patrick Hunter, | Civil Case Number: |
|---|---|
| **Plaintiff,** | **CIVIL ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| -against- | |
| Southwest Recovery, LLC and Allied Solutions LLC, | |
| **Defendants.** | |

Plaintiff Patrick Hunter (hereinafter, "Plaintiff"), a resident of Arizona, brings this complaint by and through the undersigned attorneys, against Defendants Southwest Recovery, LLC and Allied Solutions LLC (hereinafter "Defendants").

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15

U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3. Plaintiff brings this action after the Defendants illegally repossessed his vehicle in breach of the peace, thereby violating Ariz. Rev. Stat. Ann. § 47-9609.  Plaintiff also bring a claim against Defendant Southwest Recovery, LLC for illegally repossessing his vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

4. Plaintiff seeks statutory damages, punitive damages, actual damages, as well as attorneys fees and costs.

**PARTIES**

5. Plaintiff Patrick Hunter is a natural person and a resident of Mesa, Arizona and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant Allied Solutions LLC (hereinafter referred to as "Allied Solutions") is an auto lender headquartered in Carmel, Indiana.

7. Defendant Southwest Recovery, LLC (hereinafter referred to as "Southwest"), is a repossession company, with its principal place of business in Mesa, Arizona.

8. Defendant Southwest is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

9. Defendant Southwest is a "debt collector," as defined in the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

10. Plaintiff repeats, reiterates and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

11. The Plaintiff owns a 2016 Cadillac CTS

12. The vehicle is financed with a loan, which is now held by Allied Solutions.

13. The Plaintiff purchased and used the Cadillac CTS for his own personal use and enjoyment.

14. After losing his job due to the pandemic and being forced to take early retirement, the Plaintiff fell behind on his obligations to Allied Solutions.

15. The Allied Solutions loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

16. As a result, Allied Solutions contracted with Southwest to repossess the Plaintiff's vehicle.

17. At approximately 11:00 a.m. on February 3, 2023, the Plaintiff was working in his garage, right near his vehicle which was then parked on his private driveway.

18. At that time, the Plaintiff heard the sound of a truck backing up, and saw the Defendants' tow truck backing up towards his vehicle.

19. Plaintiff immediately started yelling at the tow truck driver and objecting to the repossession.

20. The Defendants disregarded the Plaintiff's shouts and proceeded to hook up the truck to the Plaintiff's vehicle right in front of him.

21. While his vehicle was still parked in his driveway, Plaintiff immediately hopped on the Defendants' truck to prevent it from leaving, and continued actively protesting the repossession.

22. The Defendant's tow truck operator nevertheless recklessly continued to pull out of the Plaintiff's driveway and drive down the street, while the Plaintiff was standing on the tow truck and actively protesting the repossession.

23. Ultimately realizing that he could not complete the repossession without outside assistance, the Defendant's tow truck driver called the police to intervene.

24. Only once the police arrived, and with the police's active assistance, was the Defendant able to complete the repossession and leave with the Plaintiff's vehicle.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*
## (Against Southwest)

25. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

26. Plaintiff brings this Count against Defendant Southwest.

27. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

28. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

   (A)   there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

   (C)   the property is exempt by law from such dispossession or disablement.

29. To repossess the Plaintiff's vehicle, the Defendant breached the peace, in violation of Ariz. Rev. Stat. Ann. § 47-9609, which only allows repossessions that can be accomplished without force and without a breach of the peace.

30. The Defendant breached the peace by (1) continuing with the repossession in the face of Plaintiff's repeated and unambiguous objections and instructions for the Defendant to stop the repossession and leave the Plaintiff's property, (2) recklessly attempting to complete the repossession by trying to tow away the Plaintiff's car from his driveway in front of him, while he was holding onto the truck and driving down the street in such a reckless manner, and (3) by illegally involving law enforcement in the repossession.

31. As a result, the Defendant did not have the present right to possession of the Plaintiff's vehicle once they breached the peace, and was prohibited from repossessing it.

32. By proceeding with the repossession, the Defendant violated 15 USC § 1692f(6) when they repossessed the Plaintiff's vehicle on February 3, 2023.

33. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, Defendant harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's

6

statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

34. Defendant's illegal activity also harmed the Plaintiff by causing him to suffer anger, anxiety, depression, emotional distress, frustration and embarrassment and by depriving the Plaintiff of use of his vehicle.

35. By reason thereof, Defendant Southwest is liable to the Plaintiff for judgment that Defendant's conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

36. As a direct and proximate result of the Defendant's trespassory repossession, Plaintiff suffered damages including the loss of use of the vehicle and the loss of the right to pre repossession judicial process, as well as mental and emotional harm including frustration, depression, and embarrassment.

## COUNT II

**BREACH OF THE PEACE REPOSSESSION**
**Ariz. Rev. Stat. Ann. § 47-9609 *et seq.***
**(Against All Defendants)**

37. The Plaintiff repeats and re alleges the preceding paragraphs of this Complaint and incorporates the same herein.

38. Arizona only permits self-help repossession of consumer motor

7

vehicles where possession can be obtained without breach of the peace. *See,* Ariz. Rev. Stat. Ann. § 47-9609.

39. Defendants breached the peace by (1) continuing with the repossession in the face of Plaintiff's repeated and unambiguous objections and instructions for the Defendant to stop the repossession and leave the Plaintiff's property, (2) recklessly attempting to complete the repossession by trying to tow away the Plaintiff's car from his driveway in front of him, while he was holding onto the truck and driving down the street in such a reckless manner, and (3) by illegally involving law enforcement in the repossession.

40. A secured creditor's duty to repossess without breach of the peace is non delegable, it is liable even if the peace is breached by an independent contractor. *Rand v. Porsche Fin. Servs.,* 216 Ariz. 424, 434, 167 P.3d 111, 121 (Ct. App. 2007). As such, Southwest's breach of the peace is imputed upon Allied Solutions.

41. As a direct and proximate result of the Defendants' breach of the peace repossession, Plaintiff suffered damages the loss of use of the vehicle, the loss of the right to pre repossession judicial process, as well as mental and emotional harm including frustration and embarrassment.

## DEMAND FOR TRIAL BY JURY

42. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) awarding the Plaintiff actual damages incurred;

(b) awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c) awarding punitive damages;

(c) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding the Plaintiff such other and further relief as this Court may deem just and proper.

Dated: February 21, 2023

/s/ Ari H. Marcus
Ari H. Marcus, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*
**Pro Hac Vice To Be Filed**